UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ANGELA HACKE,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 3:15-cv-00458

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 12), the administrative record (docs. 7, 11), Plaintiff's reply memorandum (doc. 14), and the record as a whole.[2]

I.

A. **Procedural History**

Plaintiff filed an application for DIB asserting disability as of October 9, 2012. PageID 1688. Plaintiff claims disability as a result of a number of impairments including, *inter alia*,

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.
[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

degenerative disc disease of the lumbar spine, fibromyalgia, irritable bowel syndrome ("IBS"), and obesity.  PageID  1632.

After initial denials of her application, Plaintiff received a hearing before ALJ Gregory Kenyon on April 1, 2014.  PageID 1645-74.  The ALJ issued a written decision on August 28, 2014, finding Plaintiff not disabled.  PageID 1630-38.  Specifically, the ALJ's findings were as follows:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2018.

2. The claimant has not engaged in substantial gainful activity since October 9, 2012, the alleged onset date (20 CFR 404.1571 *et seq.*).

3. The claimant has the following severe impairments: degenerative disc disease of the lumbar spine, degenerative joint disease of the bilateral hips, degenerative joint disease of the left shoulder, osteonecrosis of the right foot, residuals of a left lower extremity tibial tendon repair, fibromyalgia, [IBS], and obesity (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity ["RFC"] to perform sedentary work[3] as defined in 20 CFR 404.1567(a) except that the claimant can occasionally crouch, crawl, kneel, stoop, balance, and climb ramps and stairs but never climb ladders, ropes, or scaffolds. She cannot work around hazards such as unprotected heights or dangerous machinery. She cannot work on uneven surfaces. She can occasionally reach overhead with the upper extremities.  She cannot use the lower extremities for pushing, pulling, or operating foot controls.  She is limited to performing unskilled, simple, repetitive tasks.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

---

[3] Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id.* § 404.1567(a).

7.     The claimant was born [in] 1974 and was 38 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563).

8.     The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9.     Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is 'not disabled,' whether or not the claimant has transferable job skills (*See* SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10.     Considering the claimant's age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

11.     The claimant has not been under a disability, as defined in the Social Security Act, from October 9, 2012, through the date of this decision (20 CFR 404.1520(g)).

PageID 1630-38.

Thereafter, the Appeals Council denied review on October 30, 2015, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 1618-22. Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

    **B.**     **Evidence of Record**

In his decision, the ALJ set forth a detailed recitation of the underlying medical evidence in this case. PageID 1632-34. Plaintiff, in her Statement of Errors, also summarizes the evidence of record. Doc. 9 at PageID 1590-99. The Commissioner, in response to Plaintiff's Statement of Errors, defers to the ALJ's recitation of the evidence and presents no objection to

Plaintiff's summary. Doc. 12 at PageID 3143-44. Except as otherwise noted herein, the undersigned incorporates the summary of evidence as set forth by the ALJ and Plaintiff.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability Defined"

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a

4

"disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job, and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statement of Errors, Plaintiff argues that the ALJ failed to: (1) give appropriate weight to the opinion of her treating physician's assistant, Judith Stutes, P.A.-C.; and (2) find her credible. Doc. 9 at PageID 1600, 1605. The undersigned concludes that reversal is warranted based on Plaintiff's first assignment of error and, therefore, makes no finding regarding

5

Plaintiff's second assignment of error.[4]

From 2005 to 2014, P.A. Stutes treated Plaintiff for a number of medical issues including, *inter alia*, fatigue, obesity, a thyroid cyst, sinusitis, insomnia, urinary incontinence, hip pain, lumbar disc herniation, degenerative disc disease, fibromyalgia, migraines, depression, and anxiety. PageID 455, 457, 459-64, 469, 475-77, 491-97, 514-17, 527, 531-39, 545-50, 553-61, 568, 573-74, 580-82, 587-99, 601, 607, 612, 614.  On examination, Stutes consistently observed that Plaintiff had the following: an antalgic gait; a decreased range of motion in the lumbar spine; lumbar spasm; decreased range of motion in her left hip; decreased strength and tenderness in the left shoulder and cervical spine. PageID 458-59, 462, 469, 472, 480, 493, 527, 530, 544, 549, 567, 571, 840, 844, 872, 875, 890, 898,1075-76, 1188, 1196, 1207, 1211, 1221, 1226, 1282. Stutes further observed that, at times, Plaintiff presented as teary because of her pain and depression. PageID 513, 550.

On January 6, 2014, Stutes completed interrogatories and gave an opinion regarding Plaintiff's work capabilities, concluding that Plaintiff could not: withstand the pressure of meeting normal standards of productivity and work accuracy; demonstrate reliability; complete a normal workday or workweek without interruption from psychologically and/or physically based symptoms; lift/carry more than five pounds occasionally and any weight frequently; ever climb, balance, stoop, crouch kneel or crawl; and walk/stand for more than a half hour uninterrupted. PageID 1254-55. Stutes further found that Plaintiff's vision was negatively affected by her migraine headaches and her hearing was negatively affected by her tinnitus. *Id.* Stutes concluded that Plaintiff was unable to perform even sedentary work, *id.*, and thus disabled.

---

[4] Nevertheless, on remand, the undersigned would direct that the ALJ assess Plaintiff's credibility anew following a meaningful explanation of the weight accorded to opinion evidence.

In weighing Stutes's opinion, the ALJ found that:

> Little weight is given to the assessment of [Stutes], who portrays the claimant as lacking sufficient mobility to do even sedentary level work. However, her assessment in this respect is not supported by the record. Progress notes from Miamisburg Family Practice also show that she treated the claimant with only conservative measures and that the nature of the treatment provided was not the type that would be expected if claimant were precluded from all work activity. Finally, as a physician's assistant, Ms. Stutes is not considered an acceptable medical source.

PageID 1636 (citations omitted). The undersigned finds the ALJ's decision to give Stutes's opinion "little weight" is not supported by substantial evidence.

"[T]he Commissioner's regulations establish a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Woodcock v. Comm'r of Soc. Sec.*, No. 3:15-CV-147, 2016 WL 4382728, at *1 (S.D. Ohio Aug. 16, 2016). In addition to "medical source opinions," opinions from "other sources" can be used to establish the severity of a claimant's impairment and establish how impairments affect a claimant's ability to work. 20 C.F.R. § 404.1513(d). "Other sources" include medical sources such as nurse practitioners or physician's assistants that do not qualify as "acceptable medical sources" under the regulations. *Id*.

Although "other medical sources" who have treated a claimant are not entitled to controlling weight like a treating physician or psychologist are, "other sources" may be entitled to *more* weight than "acceptable medical sources" under the unique circumstances of a given case. SSR 06-03p, 2006 WL 2329939, at *5 (Aug. 9, 2006) (emphasis added). In fact, the opinions of "other sources," such as nurse practitioners or physician's assistants, may even be given more weight than a *treating* physician if the "other sources" have seen the claimant more

frequently than the "acceptable sources" and have provided better explanations for their opinions. *Id*.

ALJs must weigh the opinions of "other sources" using the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.*, "how long the source has known the individual, how frequently the source has seen the individual, how consistent the opinion of the source is with other evidence, how well the source explains the opinion, and whether the source has a specialty or area of expertise related to the individual's impairment." *Williamson v. Comm'r of Soc. Sec.*, No. 1:14-cv-731, 2016 WL 255033, at *8 (S.D. Ohio Jan. 20, 2016); *see also* 20 C.F.R. § 404.1527(c). ALJs should "explain the weight given" such opinions, "or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the [ALJ's] reasoning, when such opinions may have an effect on the outcome of the case." *Williamson*, at *8.

Here, the ALJ failed to meaningfully explain his reasons for rejecting Stutes's opinion. First, insofar as the ALJ found such opinion "not supported by the record[,]" the Court notes that such a conclusory statement fails to articulate what portion of the record fails to support such conclusion -- especially in light of all of the aforementioned objective and clinical findings of record appearing consistent a disability finding. *See* PageID 458-59, 462, 469, 472, 480, 493, 527, 530, 544, 549, 567, 571, 840, 844, 872, 875, 890, 898, 1075-76, 1188, 1196, 1207, 1211, 1221, 1226, 1282. "[A]n ALJ's decision must articulate with specificity reasons for the findings and conclusions that he or she makes." *Bailey v. Comm'r of Soc. Sec.,* No. 98-3061, 1999 WL 96920, at *4 (6th Cir. Feb. 2, 1999); SSR 82–62, 1982 WL 31386, at *4 (1982) (the "rationale for a disability decision must be written so that a clear picture of the case can be obtained"). The ALJ's failure in this regard is reversible error.

8

Second, the fact that Stutes, herself, only provided conservative care does not undermine her opinion. Initially, the Court notes that, as a physician's assistant, it is not clear Stutes could provide anything other than conservative care. Certainly, she could -- and did -- recommend that Plaintiff seek treatment with specialists for more invasive, non-conservative care. For example, Stutes specifically referred Plaintiff to orthopedic surgeon Johnathan Paley, M.D. for treatment of Plaintiff's right hip pain. PageID 462. After a January 30, 2012 MRI revealed objective, abnormal findings (PageID 312, 391-92), Dr. Paley performed surgery on Plaintiff's right hip in March 2012. PageID 315-16, 390-91. In October 2012, Plaintiff underwent surgery on her right foot. PageID 2002-05. Additionally, on October 21, 2013 -- upon Stutes referral (PageID 3023) -- Plaintiff underwent a left shoulder arthroscopy, distal clavicle resection, and arthroscopic rotator cuff repair. PageID 3023-24. The undersigned finds the ALJ's reliance on the conservative care provided by Stutes herself fails to support the weight accorded her opinion in light of the non-conservative treatment provided by others. *Cf. Pickett v. Astrue,* No. 3:10-cv-177, 2011 WL 1626559, at *8 (S.D. Ohio Apr. 28, 2011).

Based upon all of the foregoing, the undersigned finds that the ALJ's analysis of Stutes's opinion is unsupported by substantial evidence. This serves as a second basis meriting reversal of the ALJ's non-disability finding.

## IV.

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to award benefits. Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). The Court may only award benefits where proof of disability

9

is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994).

Here, evidence of disability is not overwhelming, and therefore, a remand for further proceedings is proper so that the ALJ can properly assess all opinion evidence of record anew in light of the foregoing findings.

## V.

**IT IS THEREFORE RECOMMENDED THAT**:

1. The Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

2. This matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and

3. This case be **CLOSED**.


Date:   February 2, 2017                                       s/ Michael J. Newman
                                                                                       Michael J. Newman
                                                                                       United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).